UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : |
| --- | --- |
|  | : NO. 4: 17-CR-139 |
| VS. | : |
|  | : Judge Brann |
| STEPHEN DANIEL DAVIS |  |

**DEFENDANT DAVIS'S SENTENCING BRIEF**

**BACKGROUND**

On August 10, 2018, pursuant to a plea agreement, Defendant entered a plea of guilty to Count 2 of the indictment in violation of 18 U.S.C. Section 922(g)(1), Possession of a Firearm by a Convicted Felon. Count 2 is punishable by up to 10 years imprisonment and a fine of up to $250,000.00.

The plea agreement calls for the Government to recommend a sentence within the applicable guideline range. The presentence report established an advisory guideline sentencing range of 37 to 46 months.

**18 U.S.C. SECTION 3553 FACTORS**

**Nature and Circumstances of the offense**

In October of 2016, Davis, a convicted felon, traveled from Virginia to Pennsylvania where he delivered a shotgun to Ron Pulcher and a 9 mm handgun to Rob McFall. The Defendant knew that Pulcher was a convicted felon but did not know

whether McFall was. See page 21 of Document 308.

### History and Characteristics of the Defendant

Defendant is 49 years old. He is married but currently separated and has 2 children. He is in good physical health and is an automotive mechanic by trade. His criminal history, while not stellar, consists of 5 prior convictions of a non-violent nature. Defendant has accepted responsibility for his crime.

### Defendant's Objections to the Presentence Report

Defendant's only objection to the presentence report is to Paragraph 15 which purports to apply a 4-level increase for "trafficking" pursuant to USSG Section 2K2.1(b)(5). For this enhancement to apply, the Defendant must have transferred 2 or more firearms " **to another individual**". See Application Note 13 (A) (i) to USSG Section 2K2.1.

At the change of plea hearing held on August 10, 2018, the Court asked Assistant United States Attorney George J. Rocktashel, Esquire, to place on the record the facts supporting Count 2. Mr. Rocktashel stated the following, *inter alia:*

> " In early October 2016, Davis traveled from Virginia and delivered the guns charged in counts two and three to **an Aryan Strike Force member** in Pennsylvania." See page 18 of Document 308.

Following Mr. Rocktashel's recitation, the Court turned to the Defendant and asked

if he fully admitted to the facts as stated by Mr. Rocktashel. See page 20 of Document 308. On behalf of the Defendant, the undersigned stated the following, *inter alia:*

> " As far as the guns themselves,….He did provide a shotgun to…..Mr. Pulcher, but it was not a particular brand that was requested. It just happened to be the shotgun that he provided to Mr. Pulcher. He provided the other gun, the nine millimeter, to a Rob McFall. Now Mr. McFall may or may not have given that gun to Mr. Pulcher. But Mr. Davis did not deliver the nine millimeter to Mr. Pulcher. He gave the shotgun to Mr. Pulcher and the nine millimeter to Mr. McFall." See pages 20-21 of Document 308.

Following the undersigned's statement on behalf of Defendant, as aforementioned, The following exchange took place between the Defendant and Mr. Rocktashel:

> " Mr. Rocktashel: Other than the corrections that he suggested, or the areas that you disagree with that he suggested, do you agree with everything else that I indicated there?"
>
> " The Defendant: Yes, sir.
>
> " Mr. Rocktashel: Do you also acknowledge that you knew McFall and Pulcher were both members of the Aryan Strike Force?"
>
> " The Defendant: Yes."   ( See page 22 of Document 308.)

Because Davis transferred the 2 firearms to **2 separate individuals** ( Pulcher and McFall), the trafficking enhancement does not apply. See **U.S. v. Henry**, 819 F. 3d 856, 869-873 (6th Cir. 2016).

Accordingly, Davis's guideline range should be 24 to 30 months.

### **The Recommended Sentence**

A sentence of 24 months is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. Section 3553(a)(2).

### **The Need to Avoid Unwarranted Sentence Disparities**

A sentence of 24 months will not result in an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.

### **Restitution**

Paragraph 66 of the Presentence Report indicates that restitution is not applicable.

### **CONCLUSION**

For the aforesaid reasons, Defendant requests the Court to sentence him to a term of 24 months imprisonment.

                          Respectfully submitted,

                          G. Scott Gardner /s/
                          G. Scott Gardner
                          Attorney for Defendant Davis
                          PA. I.D. #36507
                          2117 W. 4th Street
                          Williamsport, PA 17701
                          (570) 322-7653

January 24, 2019